March 1, 2024

**VIA ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    Notice of Supplemental Authority in *Ohio Carpenters' Pension Fund, et al. v. Deutsche Bank, et al.*, No.1:22-cv-10462-ER (S.D.N.Y.)

Dear Judge Ramos:

      We write in response to Plaintiffs' February 22, 2024 notice of supplemental authority (ECF 82) concerning the Second Circuit's decision in *In re Mexican Government Bonds Antitrust Litigation*, 92 F.4th 450 (2d Cir. Feb. 9, 2024) ("MGB"). *MGB* does not diminish in any way Defendants' jurisdictional arguments in favor of dismissal of the Second Amended Complaint ("SAC," ECF 59) in this case. The allegations of personal jurisdiction over Coöperatieve Rabobank U.A. ("CRUA") and Deutsche Bank AG ("DBAG") in the SAC are categorically inferior to those presented against the foreign defendants in *MGB*.

      The *MGB* complaint included **200** paragraphs of substantive allegations showing "that Defendants were in charge of *every* step of *every* deal, *thousands* of times over during the alleged class period." *MGB*, 92 F.4th at 459 (emphasis added); No. 18-cv-02830, ECF 163 ¶¶ 91-290. Based on these extensive allegations, the Second Circuit concluded that Plaintiffs had demonstrated that the U.S.-based affiliates merely "served in a passive role as an internal clearinghouse" and that foreign defendants "were in charge of every step of every deal." *MGB*, 92 F.4th at 458. In contrast to *MGB*, the SAC's allegations are conclusory, vague, and sparse. As Plaintiffs' letter concedes, the SAC attempts to allege personal jurisdiction in just ***nine*** paragraphs. See ECF 82 (citing ECF 70, at 21-22 (SAC ¶¶ 31, 44, 58, 66)); SAC ¶¶ 37-39, 46-47. These nine paragraphs consist of only general legal conclusions—unsupported by any well-pleaded facts that would allow this Court to conclude that CRUA and DBAG purposefully availed themselves of the forum. See ECF 64 at 22-24.

      Moreover, in *MGB*, the plaintiffs filed a chart cataloging—for each transaction they alleged gave rise to jurisdiction (and antitrust standing)—the transaction date, quantity, product type, and defendant counterparty. See No. 18-cv-02830, ECF 163-4 ("Preliminary List of Transactions Entered into by Plaintiffs on Days Impacted by Defendants' Manipulative Conduct"). Here, by stark contrast, the SAC is devoid of ***any*** facts that would allow this Court to infer ***any*** connection between Plaintiffs' allegations of U.S. transactions and CRUA's and DBAG's alleged information sharing in Europe. Plaintiffs seek to recover damages for purchases made over a twelve-year class period, but identify no transactions with specificity over the class period. Plaintiffs also identify no conspiratorial communications between Defendants and accordingly, cannot connect any alleged purchases with any alleged conspiratorial conduct. *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 116 (2d Cir. 2018) (finding the

plaintiffs' allegations insufficient where they "d[id] not even present evidence that they traded at 'artificial prices'" because "[t]here is no actual injury the Plaintiffs allege, let alone a connection between Defendants' unlawful conduct and that non-injury"). Instead, Plaintiffs offer only conclusory assertions that they transacted with certain Defendants.

This Court need not indulge Plaintiffs' attempt to mischaracterize the conclusory, vague and sparse allegations in the SAC as anything resembling the well-pleaded jurisdictional allegations presented in *MGB*. After failing to meaningfully address Defendants' arguments that *In re Treasury* confirms the insufficiency of the SAC as a matter of law,[1] Plaintiffs resort to ill-fitting jurisdictional arguments. Plaintiffs cannot escape the fact that—after three opportunities to plead their claim—they still fail to plausibly allege an antitrust conspiracy, antitrust standing, or personal jurisdiction.

Respectfully submitted,

*/s/ David R. Gelfand*
David R. Gelfand
Andrew B. Lichtenberg
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
(212) 530-5000
dgelfand@milbank.com
alichtenberg@milbank.com

*Attorneys for Coöperatieve Rabobank U.A. and Rabo Securities USA, Inc.*

*/s/ John F. Terzaken*
John F. Terzaken
SIMPSON THACHER & BARTLETT
900 G Street, NW
Washington, DC 20001
Telephone: (202) 636-5500
Facsimile: (202) 636-5502
john.terzaken@stblaw.com

Joshua H. Hazan
SIMPSON THACHER & BARTLETT
425 Lexington Avenue
New York, NY, 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Joshua.Hazan@stblaw.com

*Attorneys for Deutsche Bank AG and Deutsche Bank Securities Inc.*

---

[1] Conspicuously absent from Plaintiffs' recent letter regarding the *In re Treasury* decision (ECF 79) is any reference to Defendants' argument that none of the chats in the SAC involve Rabobank, and that none are between Defendants. Nor do Plaintiffs respond to Defendants' argument that the EC's findings concern different conduct, products, and markets than those that are the subject of the conspiracy alleged in the SAC.